Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6045 | **DATE** | September 19, 2011 |
| **CASE TITLE** | U.S. ex rel. Jerome Howard (#K-68777) v. Dave Rednour | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied, without prejudice. The petitioner is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer and that reflects the current balance in the petitioner's prison trust fund account. Failure to comply [or, in the alternative, to pay the $5.00 filing fee] within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The petitioner is further ordered to show good cause in writing why his habeas petition should not be dismissed as time-barred. Failure to show good cause within thirty days of the date of this order will result in summary dismissal of this petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Clerk is directed to provide the petitioner with a blank i.f.p. petition, and an amended habeas form with instructions along with a copy of this order. The Clerk is further directed to amend the docket to reflect that Warden Dave Rednour of Menard Correctional Center is the respondent.

■[**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Jerome Howard, a state prisoner presently in custody at Menard Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 2005, Cook County, Illinois, conviction for first degree murder predicated on home invasion on the grounds that: (1) the home invasion predicate was not valid; (2) he was subject to prosecutorial misconduct; (3) he had ineffective assistance of counsel; (4) his due process rights were violated; and (5) he was denied his Sixth Amendment right to confront witnesses at trial, among others.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. *See* 28 U.S.C. § 1915(a)(2). In the case at bar, the petitioner's i.f.p. petition is not certified, does not show the petitioner's trust account balance, and is not accompanied by copies of his prison trust fund ledgers.

If the petitioner wants to proceed with this lawsuit, he must submit a certified i.f.p. petition showing his current trust account balance. The Clerk will provide the petitioner with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $5.00 required for habeas cases] within thirty days of the date of this order will result in summary dismissal of this suit. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

The petitioner is reminded that he must provide the Court with the original plus a judge's copy of every document filed.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Additionally, under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

The Illinois Supreme Court denied Petitioner's request for direct review on September 26, 2007. *See* Petitioner's petition, p. 2. Petitioner then pleads that he did not seek collateral review of his conviction until February 6, 2009, almost seventeen months after the PLA was denied. *Id.* at p. 3. Whether or not the State entertained the petition for relief from judgment and decided the matter on the merits, the subsequent state proceedings did not restart the "federal clock" after the statute of limitations had extinguished any right to federal habeas review. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). Consequently, Petitioner's petition appears to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997).

Petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *Id.* Accordingly, Petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

*James F. Holderman*