Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6045 | **DATE** | February 24, 2012 |
| **CASE TITLE** | U.S. ex rel. Jerome Howard (#K-68777) v. Dave Rednour | | |

**DOCKET ENTRY TEXT:**

Petitioner's motions for certificate of appealability [#15] and for leave to appeal *in forma pauperis* [#16] are denied as moot, as the Seventh Circuit Court of Appeals relinquished jurisdiction over the appeal in this case pursuant to Circuit Rule 57 and this Court's order of 1/12/2012. Petitioner responded to the Court's order of 10/31/2011, ordering him to show cause as to why his petition for habeas relief should not be dismissed as untimely on 12/5/2011 and the Court has reviewed Petitioner's submission. Respondent is ordered to answer or otherwise plead to the petition within thirty days of the date this order is entered on the Clerk's docket.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

On October 31, 2011, this Court ordered Petitioner to show cause as to why his petition for habeas relief should not be dismissed as untimely. Petitioner did not respond by November 30, 2011, so this Court entered an order, dismissing Petitioner's petition pursuant to Fed. R. Civ. P. 41(b). Petitioner's response was received by the Court on December 5, 2011, and he subsequently filed a motion for certificate of appealability and a motion to proceed on appeal *in forma pauperis*. Upon receipt of Petitioner's motions, this Court entered an order on January 12, 2012, stating that pursuant to Circuit Rule 57, that if the Seventh Circuit Court of Appeals would relinquish jurisdiction over this case, this Court would be inclined to review Petitioner's response to the order to show cause and rule on the question of whether his petition was untimely. The Appellate Court relinquished jurisdiction over the case, and this Court has reviewed Petitioner's response to the order to show cause.

Petitioner has submitted a response that he calls a "timeline" consisting of documentation indicating that he may have filed his post conviction petition in state court in May of 2008, which would make it timely, and would mean that Petitioner is not barred from pursuing federal habeas relief in federal court. It is not entirely clear from Petitioner's submission that any of the materials were actually submitted or received by the state court in May of 2008. However, out of an abundance of caution, the Court finds that Petitioner has satisfied the order to show cause and orders Respondent to respond to the petition within thirty days of the date that this order is entered on the Court's docket. Additionally, Petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any
**(CONTINUED)**

AWL

| STATEMENT |
|---|

Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

      As the Seventh Circuit relinquished jurisdiction over this case, Petitioner's motions for certificate of appealability and for leave to appeal *in forma pauperis* are denied as moot. Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

*James F. Holderman*